**DIXIE SAND AND GRAVEL CORPORATION, Appellant,**

v.

**Pauline HOLLAND, Appellee.**

No. 13736.

United States Court of Appeals Sixth Circuit.

July 7, 1959.

Charles C. Moore, Chattanooga, Tenn., Frank W. Moore, Chattanooga, Tenn., of counsel, Moore & Moore, Chattanooga, Tenn., on the brief, for appellant.

Ray L. Brock, Jr., and Raymond A. Graham, Chattanooga, Tenn., of coun-

sel, Dietzen, Graham & Dietzen, Chattanooga, Tenn., on the brief, for appellee.

Before McALLISTER and MILLER, Circuit Judges, and CHOATE, District Judge.

McALLISTER, Circuit Judge.

This case comes before us for the second time on review. All of the facts out of which the controversy arose are set forth in the prior opinion of this court, and need not be here restated. See Dixie Sand & Gravel Corporation v. Holland, 6 Cir., 255 F.2d 304, 307. There, it appeared that in the proceeding brought by the widow of a deceased employee of appellant company, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., for her husband's death, the Deputy Commissioner of the Bureau of Employees' Compensation denied an award of compensation; and, thereafter, on the action of the widow to review the order of the Deputy Commissioner, the District Court entered judgment in favor of the widow. Appellant company had appealed to this court, which held that, where the Deputy Commissioner merely found that the claim filed did not come within the provisions of the Act, and that the duties of the deceased employee were on land, there was absent a necessary finding as to whether or not the death of the employee arose out of, and in the course of, his employment within the meaning of the Act. The fact that the District Court had held, on review of the Deputy Commissioner's order, that the deceased employee was acting in the course of his employment, was considered by us to be beyond the functions of the court which, in such a case, could not make findings *de novo*. The case was, accordingly, remanded to the District Court with instructions "that it remand the action to the Deputy Commissioner for a finding by him based on all the evidence whether the decedent's death arose out of and in the course of his employment within the meaning of the Act, and for further proceedings thereafter by the District Court

in accordance with the views expressed herein."

Upon the remand to the Deputy Commissioner, he made a supplemental finding of fact, in addition to the original findings, to be read and considered as a part of them, as follows: "That the death of the deceased did arise out of and in the course of his employment."

Thereafter, the District Court, in the course of proceedings on the motion of the widow for a summary judgment found that the Deputy Commissioner had made the above mentioned supplemental finding that the death of appellant arose out of and in the course of his employment. The court then quoted from the prior opinion of this court in the case:

"At the outset there is presented the issue whether Holland's death arose out of and in the course of his employment, which is a basic one in the case and which could be decisive. Since the appellant had other employees engaged in maritime employment, and since Holland's death admittedly occurred upon navigable waters of the United States, his widow was entitled to compensation under the Act if his death arose out of and in the course of his employment, whether or not he was engaged in 'maritime employment.' Sections 902(2), 903(a), Title 33 U.S.C.A. Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367."

The District Court then held that appellee was entitled to an award of compensation, and entered an order remanding the case to the Deputy Commissioner for determination of the amount of such award. From the foregoing judgment and order of the District Court, the Dixie Sand and Gravel Company sought review.

On appeal, the primary issue is whether there was substantial evidence to support the Deputy Commissioner's supplemental finding of fact that the death of the deceased employee arose out of, and in the course of, his employment. The copious evidence on this point was set

forth at length in our prior opinion, and we consider that it amply sustains the supplemental finding. See Dixie Sand & Gravel Corporation v. Holland, 6 Cir., 255 F.2d 304, 306, 307, 311. Further, the court, speaking through Judge Miller, there said that under the admitted facts, appellee was entitled to compensation if her husband's death arose out of and in the course of his employment (255 F.2d at page 307). "The contention that the injured employee must be a maritime employee in order to come within the provisions of the Act was rejected by the Supreme Court in Pennsylvania R. Co. v. O'Rourke, supra, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367. Sections 902(4), 904(a), Title 33 U.S.C.A., impose liability upon an employer, any of whose employees are employed in maritime employment, if the accidental injury or death is otherwise covered by the Act. The necessary requirements under Sections 902(2) and 903(a), Title 33 U.S. C.A., are that the injury or death arise out of and in the course of employment and that it occur upon the navigable waters of the United States, including any dry dock. Since it is undisputed in the present case that the appellant had employees engaged in maritime employment and that the accident resulting in Holland's death occurred upon the navigable waters of the United States, the only issue before us with respect to coverage under the Act is whether the accident arose out of and in the course of Holland's employment." 255 F.2d at page 309.

Propositions advanced by the Dixie Sand and Gravel Corporation on this appeal were considered and discussed at length in this court's opinion in the prior appeal. The judgment in the state court in favor of appellee, as commented on in our former opinion, was not res adjudicata in the present proceeding, since the causes of action and issues were different. Other questions, we find to be not meritorious.

In accordance with the foregoing, the judgment of the District Court is affirmed.